LUSE LAND & DEVELOPMENT CO., Limited, v. GANNON. (Circuit Court of Appeals, Eighth Circuit. October 20, 1916.) No. 4642. In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge. Action by the Luse Land & Development Company, Limited, a corporation, against Hugh Gannon, who counterclaimed. Judgment for defendant, and plaintiff brings error. Affirmed. S. D. Catherwood, of Austin, Minn., and Charles N. Dohs, of St. Paul, Minn. (Edgerton & Dohs, of St. Paul, Minn., and Catherwood & Nicholsen, of Austin, Minn., on the brief), for plaintiff in error. W. B. Douglas, of St. Paul, Minn. (Douglas, Kennedy & Kennedy,

of St. Paul, Minn., on the brief), for defendant in error. Before SMITH and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This action was brought by the Luse Land & Development Company, Limited, as plaintiff, against Hugh Gannon, as defendant, to recover an installment due upon contracts for the purchase of seven quarter sections of land in Saskatchewan, Canada. The answer admits the liability as charged in the complaint, and sets up by way of counterclaim a cause of action for deceit in the sale of the lands, and asks judgment therefor in the sum of $24,640. The reply denies the making of the representations charged, and alleges that defendant had a full opportunity to examine the land, and in fact made such examination, and in no way relied upon any representations that were made. The issue was presented by this counterclaim and reply. Evidence was adduced by the respective parties in support of their contentions. At the conclusion of the case plaintiff moved for a directed verdict, which was denied, and the case submitted to the jury in a charge to which no exceptions have been saved. The jury returned a verdict in favor of the defendant for $2,240, for which judgment was entered. Plaintiff brings error. The error mainly relied on is the denial of the motion for a directed verdict. We have carefully examined the record, and think the ruling of the trial court was clearly right. No good purpose would be served by setting forth the evidence at length in the discussion of this pure question of fact. There are also several assignments of error based upon the reception and rejection of evidence. We have also examined them with care, and do not think any error was committed. If the case were to be again tried, there would be justification in discussing each of these alleged errors in detail; but, as that is not to occur, we do not feel called upon to extend this opinion for that purpose. The judgment is affirmed.